## No. 10,904.

### ARAPAHOE PEAK MINING CO. *v.* ROSS.

Decided July 7, 1924.

Action for damages for breach of contract. Judgment of dismissal.

### *Affirmed.*

1. MINES AND MINING—*Bond and Lease—Breach of Covenant.* Under a bond and lease providing for peaceable possession of mining property in lessee, interference with its employes by lessor to the extent of stopping work on the property, which did not

concern the title, but had reference only to the manner in which certain work was carried on, held not to constitute a breach of covenant for peaceable possession.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. W. PENN COLLINS, Mr. O. A. JOHNSON, for plaintiff in error.

Mr. HENRY O. ANDREW, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for breach of contract, or of a covenant for quiet enjoyment. The plaintiff, a corporation, was in possession of certain mining property under a title bond and mining lease executed to it by the defendant and another. The bond and lease provided that the plaintiff "shall be placed in full and peaceable possession of said property, to mine, remove and sell ore therefrom." The complaint charges a breach of this condition. The cause was tried to a jury, and at the conclusion of plaintiff's evidence, the court sustained defendant's motion for a nonsuit. There was a judgment of dismissal, and plaintiff brings the case here.

The plaintiff took full possession of the property, as authorized by the bond and lease. It employed the defendant, one of the owners and lessors, to assist its other employees in doing some work on the property. It is claimed that the defendant quarreled with such other employees, removed tools, and forbid the plaintiff's workmen to use them, and thereby caused such employees to quit work upon the property.

The condition in the bond and lease may be considered, or designated, either as a covenant of peaceable possession, or one of quiet enjoyment. 30 Cyc. 1326, note 6. The evidence is not such as to disclose any breach of such covenant. The defendant's quarrel with plaintiff's employees did not concern title to the property, but had reference to the manner in which certain work was carried on. In 15

C. J. 1279, it is said: "The covenant for quiet enjoyment extends to all acts of the covenantor, * * * if committed under color of title. If, however, the disturbance or entry is without claim of title the covenant is not broken. * * *.

"To constitute a breach * * * there must be a union of acts of disturbance and lawful title, * * *."

The plaintiff in error cites *Isabella G. M. Co. v. Glenn*, 37 Colo. 165, 86 Pac. 349, holding that an eviction, actual or constructive, may amount to a breach of the covenant for quiet enjoyment. No such eviction, however, is disclosed in the evidence in the instant case. We said in the case last cited: "An eviction may be actual or constructive, and any act of the lessor by which his tenant is deprived of the enjoyment of the whole, or a material part, of the demised premises, or which shows an intent upon the part of the lessor permanently to deprive, or seriously to obstruct or interfere with, the tenant's quiet and peaceable enjoyment thereof, amounts in law to an eviction."

The acts of the defendant in the instant case are not of such a nature as that described in the foregoing quotation.

There was no error in granting the nonsuit and in dismissing the action. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.